UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| KIMBERLY D.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | § <br> § <br> § <br> § <br> § Civil Action No. 1:17-CV-32-BL <br> § <br> § <br> § <br> § <br> § <br> § |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the decision of the Commissioner of Social Security, who denied her application for disability insurance benefits under Title II of the Social Security Act. The Senior United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be vacated and this case remanded for further consideration.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for DIB on February 5, 2014, alleging impairments that were disabling as of January 1, 2013. That application was denied initially and after reconsideration. The plaintiff requested a hearing, which was held before an Administrative Law Judge on September 14, 2015. The ALJ issued a decision on December 18, 2015 finding her not disabled.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies the Plaintiff only by first name and last initial.

Specifically, the ALJ found during step one that the plaintiff had not engaged in substantial gainful activity after the alleged onset date. (Doc. 12-1, 567). At step two, the ALJ found that she had the severe impairments of Chron's disease, asthma, and neuropathy. (Doc. 12-1, 567). In the third step, the ALJ found those severe impairments did not meet and were not the equivalent of any listed impairments. (Doc. 12-1, 568). The step three analysis continued with the ALJ determining the claimant retained the residual functional capacity to perform light work. (Doc. 12-1, 569). Those restrictions led the ALJ to determine at the fourth step that the plaintiff could return to past relevant work. (Doc. 12-1, 571). The ALJ alternatively found that the plaintiff could also perform other jobs existing in the national economy. (Doc. 12-1, 571-72). The ALJ therefore determined she was not under a disability between the alleged onset date and the date the decision was issued. (Doc. 12-1, 572).

The plaintiff then applied to the Appeals Council, which denied review on January 12, 2017. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, the plaintiff was 27 at the time of the administrative hearing and living with her child in a mobile home next to her mother and stepfather. She has employment history in data entry and some college education. She believes her physical and mental impairments render her disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [they are] disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial

evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

The plaintiff alleges the ALJ failed to properly explain how past relevant work constituted substantial gainful activity, improperly discounted the opinion of a treating physician, failed to account for side effects of treatment in assessing the RFC, and failed to properly consider the episodic nature of the impairments as required by caselaw.

### A. Past Relevant Work and Substantial Gainful Activity

"Past relevant work refers to work that … was substantial gainful activity." *Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014) citing *Titles II & XVI: Past Relevant Work—the Particular Job or the Occupation As Generally Performed*, SSR 82–61, 1982 WL 31387 (1982); 20 C.F.R. §§ 404.1565(a), 416.965(a). Plaintiff asserts that her previous employment does not constitute substantial gainful employment, and cites caselaw which asserts a rebuttable presumption that a claimant did not engage in substantial gainful activity where the claimant's earnings are below the threshold set out by regulation. (Doc. 19, 11 citing *Copeland v. Colvin*, 771

F.3d 920, 927 (5th Cir. 2014)). The Administration argues that the claimant's earnings in this case are not below the regulatory threshold if her earnings are calculated by months worked, and not simply divided by the twelve months in the year. (Doc. 20, 8). Furthermore, the claimant's self-reported job history indicates income slightly higher than the threshold substantial gainful activity amount. (Doc. 20, 9; Doc. 12-2, 137).

However, the decision of the ALJ appears to be internally contradictory on this point. The interview the Administration highlights indicates plaintiff was still working at the relevant job in March of 2014, and the ALJ finds the plaintiff worked after the alleged onset date through the second quarter of 2014, but that the earnings did not meet the threshold SGA amount. (Docs. 12-2, 134; 12-1, 567). But later in the decision, the ALJ finds that the job constitutes past relevant work and the plaintiff is capable of performing that job. (Doc. 12-1, 571). The job cannot be past relevant work without being substantial gainful activity, and so if this were the sole justification for the ALJ's decision, it would be necessary to remand this case for more fact-finding and clarification, as the plaintiff suggests. However, the ALJ found that the plaintiff alternatively was capable of performing other jobs given her RFC and therefore a finding she is not disabled was directed by rule. (Doc. 12-1, 571-72). The RFC is the subject of other arguments raised by the Plaintiff, and is discussed below for the sake of clarity.

### B. Medical Opinion Evidence and 20 C.F.R. § 404.1527

The plaintiff alleges the ALJ failed to properly credit the opinion of Dr. Cynthia Perry, her treating physician. (Doc. 19, 16). She also contends that the ALJ did not comply with regulations and caselaw in determining that Dr. Perry's assessed limitations were not consistent with the record as a whole. (Doc. 19, 23-24). While the Commissioner is required to "give good reasons in [the] notice of determination or decision for the weight [she] give[s] [a] treating source's medical

opinion[,]" this is not tantamount to a requirement to either adopt every medical source or write a lengthy explanation containing "good" reasons to the satisfaction of a claimant. *See, e.g. Greenwood v. Colvin*, 2016 U.S. Dist. LEXIS 80075 at *11 fn.1 (N.D. Tex. June 3, 2016) (R&R adopted June 20, 2016). Instead, subsection (c) of § 404.1527 sets out six factors for assessing all medical opinions: examining relationship, treatment relationship, supportability, consistency, specialization, and other factors such as the source's familiarity with disability proceedings.

The Administration argues that the evidence supplied from Dr. Perry is not an opinion requiring this analysis. (Doc. 20, 11). Instead, it notes that the entirety of the evidence supplied from Dr. Perry is a single treatment record solicited in anticipation of a disability application. (Doc. 20, 10). Although contained in a longer record indicating vitals and medication prescriptions, the portion relevant to disability proceedings reads in total:

> [P]atient encouraged to monitor her temp daily [and] if it goes over 100.5 [the] patient [is] advised to go to the ER. … [C]ombination of [patient's] medical problems limits her ability to work at most jobs, but she should be able to work [or] do community service/train for a job for 2-3 hours per day as long as she is able to take frequent bathroom breaks. [S]he would probably be able to work more if she had insurance and could see [a gastrointestinal physician] regularly.

(Doc. 12-3, 470). Plaintiff asserts this portion of the notes assesses three limitations which would impact an RFC: the advice to go to the ER if her temperature reached 100.5 or higher, the need to take frequent bathroom breaks, and the limitation to 2-3 hours of work a day. (Doc. 19, 20-21). The need to take frequent breaks because of the Chron's symptoms is discussed in the ALJ's opinion, but the opinion also asserts that "no acceptable medical source has indicated that her Crohn's disease would prevent her from performing at the light exertional level." (Doc. 12-1, 570). There is no apparent consideration for time spent in the ER or working only for a few hours per day. Although the burden to show disability at that step of the analysis rests on the claimant, the

ALJ is required to provide a considered reason for any negative treatment of evidence offered by a treating physician. The regulation states that "opinions are statements from physicians … that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairments, and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Although the ALJ might have concluded that the assessment from Dr. Perry did not constitute such an opinion, Dr. Perry mentions severity, symptoms, prognosis, limitations, and restrictions in the brief notes. (Doc. 12-3, 470). It would not be *per se* failure to reject this evidence as contradicted by other available evidence, but is reversible error to fail to do so explicitly in the issued decision.

The ALJ does not refer to Dr. Perry by name, does not indicate that any opinion evidence came from a treating physician, and lends no credence to limitations which flow directly from Dr. Perry's opinion. (Doc. 12-1, 568-71). Although the text of the opinion states that the ALJ "considered opinion evidence in accordance" with the appropriate regulations, the opinion itself provides no other indication that evidence from Dr. Perry was considered. *Newton* requires an ALJ to consider the six factors before rejecting the opinion of a treating physician, absent a contradictory opinion by another treating or examining physician, and the decision issued by the ALJ does not indicate that Dr. Perry's opinion was given any consideration.

## V. CONCLUSION

These errors, in conjunction, reveal that the ALJ's decision is not in compliance with the relevant legal standards. It is therefore **RECOMMENDED** that the decision of the Commissioner be **VACATED** and this case remanded to the Administration for further consideration.

**IT IS ORDERED** that this case is **TRANSFERRED** to the docket of Senior United States District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated February 14, 2019.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**